J. L. DEW, Individually, and as President of Mullins Warehouse Association, Plaintiff,

v.

Clifford M. HARDIN, Secretary of Agriculture, Defendant.

Civ. A. No. 70–825.

United States District Court,
D. South Carolina,
Florence Division.

Aug. 5, 1971.

---

3. The record before this Court consisted of the following exhibits:

    (P–1) Letter of October 20, 1969 from petitioner to Judge Robert Shaw, U.S.D.J.

    (P–2) Letter of April 6, 1970 from petitioner to Judge Shaw with supplemental memorandum of law in support of petition for writ of habeas corpus annexed thereto.

    (P–3) Memorandum of law in support of petition for writ of habeas corpus.

    (R–1) Brief and appendix in support of answer of respondent.

    (R–2) Trial transcript of June 21, 1965 State v. McNair and McLaughlin, one (1) volume.

**594**

E. N. Zeigler, of Zeigler & Townsend, Florence, S. C., for plaintiff.

Wistar D. Stuckey, Asst. U. S. Atty., Columbia, S. C., and John C. Chernauskar, Dept. of Agriculture, Washington, D. C., for defendant.

## ORDER

HEMPHILL, District Judge.

Plaintiff in this action seeks review of a final decision of the Secretary of Agriculture denying plaintiff's application for the service of an additional set of inspectors for the 1970 selling season for flue-cured tobacco in the auction warehouse in Mullins, South Carolina. The court's jurisdiction of the controversy is provided by the Administrative Procedure Act (5 U.S.C. § 701 et seq.) Plaintiff who is operator of a tobacco warehouse and president of the Mullins Warehouse Association seeks declaratory relief to the effect that the refusal of the Secretary to provide the Mullins market with the requested additional inspectors was illegal and that Mullins was and is entitled to such inspectors.

The plaintiff applied for additional inspectors in April 1970. A hearing was held on the application on May 14, 1970 at which hearing a record was compiled. The decision of the Secretary denying the use of the inspectors was handed down on July 14, 1970. This action was filed September 10, 1970, as the tobacco selling season drew to a close. Thus, even at the time of the filing of the action, the time when relief sought by plaintiff could have been granted had passed. However, because of the annual setting of sales and assignment of inspectors, it appears that plaintiff or persons in his position could never exhaust administrative remedies and obtain final judicial determination of the propriety of an adverse ruling before the selling season had ended. The hearing on the question cannot be afforded before the 1st of May immediately preceding the selling season in August.

At this point it would be futile for the court to make detailed review of the record compiled at the administrative hearing in this case for the purpose of determining whether the decision of the Secretary was based upon substantial evidence or whether the record contained a basis in fact for the denial of the inspectors. Though the court experiences considerable difficulty in interpreting the exhibits contained in the record, the testimony overwhelmingly demonstrates the local need for expedited and expanded market of tobacco in Mullins. The testimony of the defendant's only witness was that the undesirable crowding at sales was the result, not of any lack of inspectors, but of restricted curing capacity of the industry

and resulting limitations on the time of the sales imposed by the industry.

The gravamen of plaintiff's complaint, as understood by the court, from the argument of plaintiff's counsel, is that the decision of the Secretary is based upon his knowledge of conditions or actions affecting the industry as a whole, conditions and actions not reflected in the record of the hearing. The defendant denies the consideration of factors not contained in the record, but he contends that such consideration is permissible. Although the record contained facts justifying the decision of the Secretary, the reliance by defendant's counsel in brief and argument upon conditions existent at the time of the decision but not contained in the record, convince the court that such considerations in fact were a basis of the decision of the Secretary. The court is further of the opinion that conditions in the industry not a part of the record but relied upon by the Secretary constituted such substantial basis for the decision as to amount to sufficient justification therefor, and if they were properly considered, provide such basis for the determination that it could not have been interfered with by this court.

Because the problem is an annual one and of very great importance to plaintiff, the court feels that a case or controversy is presented, notwithstanding the passage of the 1970 season, and that, in light of the mandatory language of 5 U.S.C.A. § 706[1], a determination should be made as to the propriety of the consideration by the Secretary of conditions in the industry not reflected in the hearing record. The court understands the difficulty to persons in plaintiff's position which would result from a determination that the Secretary was not required to stay within the record in considering applications for additional inspectors. In that event, applicants would not have adequate opportunity to refute or question the information upon which the Secretary could act.

The act vests in the Secretary's broad discretion[2] to administer the program as may further the public interest. (See 7 U.S.C. § 511a). 7 U.S.C. § 511d provides:

> The Secretary is authorized to designate those auction markets where tobacco bought and sold thereon at auction, or the products customarily manufactured therefrom, moves in commerce. Before any market is designated by the Secretary under this section he shall determine by referendum the desire of tobacco growers who sold tobacco at auction on such market during the preceding marketing season. The Secretary may at his discretion hold one referendum for two or more markets or for all markets in a type of area. No market or group of markets shall be designated by the Secretary unless two-thirds of the growers voting favor it. * * *

---

1. 5 U.S.C. § 706 provides in part:
   > To the extent necessary to decision and when presented, the reviewing court shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an agency action.

2. See Danville Tobacco Ass'n v. Freeman, 275 F.Supp. 350, 352 (W.D.Va.1952) in which the court stated:
   > Furthermore, the tone in which the Act is written tends to indicate that the defendant's powers are discretionary. For example, the phrase, "The Secretary is authorized" which the Supreme Court in Currin, supra, interpreted to be a phrase of discretion is used throughout the Act. See §§ 511b; 511c; 511d; 511e; 511h; 511j; 511m. And § 511m empowers the defendant to make any rules and regulations he deems necessary to carry out the purposes of the Act. 'The Secretary is authorized to make such rules and regulations and hold such hearings as he may deem necessary to effectuate the purposes of this chapter and may cooperate with any other Department or agency of the Government * * *.' § 511m (Emphasis added) In view of the fact that the Act was passed mainly for the protection of the tobacco growers, it seems reasonable to conclude that the defendant would be given discretion to take whatever steps were necessary to that end.

After public notice of not less than thirty days that any auction market has been so designated by the Secretary, no tobacco shall be offered for sale at auction on such market until it shall have been inspected and certified by an authorized representative of the Secretary according to the standards established under this chapter, except that the Secretary may temporarily suspend the requirement of inspection and certification at any designated market whenever he finds it impracticable to provide for such inspection and certification because competent inspectors are not obtainable or because the quantity of tobacco available for inspection is insufficient to justify the cost of such service: *Provided,* That, in the event competent inspectors are not available, or for other reasons, the Secretary is unable to provide for such inspection and certification at all auction markets within a type area, he shall first designate those auction markets where the greatest number of growers may be served with the facilities available to him.

Pursuant to his authority and responsibility spelled out by that section, the Secretary has promulgated regulations setting forth the criterion for consideration of requests for additional inspectors (7 C.F.R. § 29.2) which are in part here pertinent:

[T]hat additional services are justifiable in relation to other market data, including the volume of tobacco produced in the area surrounding the applicant market or sale; the roads and road distances involved in moving tobacco to the proposed market or sale in relation to other tobacco marketing centers; the relative availability of facilities for redrying and packing tobacco handled or to be handled in the proposed market or sale; the location of other markets on which tobacco produced in the marketing area of the proposed market or sale may be marketed; the number of tobacco growers to be affected by the proposed market or sale; volume of tobacco likely to be sold in the market or sale; relationship of sales in the applicant market or sale to sales in other markets in the type-producing area; and other economic factors affecting the marketing of tobacco, by growers, in the area of the applicant market or sale and in the type-producing area.

These factors involve, to a greater or lesser degree, conditions existent in the industry as a whole. To consider such factors as redrying facilities with regard to one sales point without regard to the requirements and demands of the industry as a whole, is not reasonable. Therefore, the conditions present in Mullins are not the only consideration of the Secretary.

■■■■ In his regulations providing for a hearing on these applications, it is provided:

(i) Recommended action. The review committee specified in paragraph (h) of this section shall review and consider the applications, hearing record, including exhibits, *and all other available information and data relating to such applications for each kind of tobacco* and shall submit a recommendation thereon to the Secretary. [Emphasis added.] 7 C.F.R. 29.3(i).

The defendant contends that the italicized portion of that regulation sanctions his consideration of conditions in the industry not reflected in the record. These considerations might include, as here, information revealed in the similar petitions of other warehouses. The court concludes that the type of hearing granted by these regulations is not the adversary or trial type hearing but rather is of the legislative or rule-making type, and that under the regulations and in accordance with the law, the Secretary could properly use extra-record information in making his determination.[3]

---

3. The court thinks any requirement that the Secretary prove all conditions in the industry which justify the denial of the relief would be unduly burdensome. It would also be concerned that if such were a requirement, if the Secretary

Therefore the decision of the Secretary was in accordance with the law and his motion for summary judgment must be granted.

And it is so ordered.

failed to prove his case at the hearing a court might be forced to interfere with the orderly marketing of a crop, resulting in tremendous confusion and loss.